UNITED STATES of America,
Plaintiff—Appellee,

v.

Jesus Adrian BENG–SALAZAR,
Defendant—Appellant.

No. 04–50518.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided July 6, 2006.

RM. 6293, US Attorneys Office, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Ellis Johnston, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Jesus Adrian Beng–Salazar ("Beng") appeals his conviction and sentence for illegal reentry into the United States in violation of 8 U.S.C. § 1326. In a separate opinion, we vacate Beng's sentence and remand to the district court for resentencing. In this memorandum, we consider Beng's arguments that his conviction should be reversed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Beng contends that the district court abused its discretion by permitting the Government to introduce evidence of the 2001 reinstatement of his 1996 removal order. See Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Second, Beng claims that the district court abused its discretion by overrul-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

ing his objections to the Government's elicitation of prior bad acts evidence, without notice, on cross-examination. See Fed. R.Evid. 404(b).

We need not decide whether the district court erred on either count, because even assuming cumulative error, the errors were harmless. See United States v. Beckman, 298 F.3d 788, 793 (9th Cir.2002) ("[H]armless error analysis applies to the improper admission of evidence, and reversal is proper only if the government cannot show that the error was more probably than not harmless."); United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir. 1993) (describing cumulative error review). The force of the evidence against Beng leads us to conclude that it is more probable than not that the jury would have reached the same result even if this evidence were excluded.

AFFIRMED.

---

of this circuit except as provided by Ninth Cir. R. 36–3.